UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PROGME CORPORATION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COMCAST CABLE<br>COMMUNICATIONS, LLC, et al.,<br><br>                    Defendant. | Case No. 2:15-cv-13935-SJM-MJH<br><br>District Judge Stephen J. Murphy, III<br><br>Magistrate Judge Michael J.<br>Hluchaniuk |

## COMCAST CABLE COMMUNICATIONS, LLC'S MOTIONS TO DISMISS PROGME'S INDIRECT INFRINGEMENT & WILLFULNESS CLAIMS UNDER FED. R. CIV. P. 12(B)(6), AND TO DISMISS CERTAIN DIRECT INFRINGEMENT CLAIMS UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)

Defendant Comcast Cable Communications, LLC ("Comcast Cable") moves this Court for an order dismissing Progme Corporation's ("Progme") claims for alleged indirect and willful infringement under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Comcast Cable further moves for dismissal of Progme's claims of alleged direct infringement set forth in counts III-VI of the complaint, also for failing to state a claim under Fed. R. Civ. P. 12(b)(6). Alternatively, as to the direct infringement counts, Comcast Cable moves under Fed. R. Civ. P. 12(e) for an order requiring a more definite statement.

By separate brief filed concurrently with this one, Comcast Cable moves to transfer this action under 28 U.S.C. § 1404(a).  Comcast Cable submits that a ruling in favor of Comcast Cable as to that motion may moot this one.

The parties conferred about these motions on March 15, 2016, but reached no agreement.

Dated:        March 21, 2016                Respectfully submitted,

BODMAN PLC

By: /s/   Thomas Tallerico
         Thomas Tallerico (P23662)
Attorneys for Defendant Comcast Cable
Communications, LLC
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
ttallerico@bodmanlaw.com

Daniel J. Goettle (02933)
Jeffrey W. Lesovitz (314925)
Stephanie M. Papastephanou (316227)
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104-2891
Telephone: 215.568.3100
Facsimile:  215.568.3439

Attorneys for Defendant
COMCAST CABLE
COMMUNICATIONS, LLC
Email:
dgoettle@bakerlaw.com
jlesovitz@bakerlaw.com
spapastephanou@bakerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PROGME CORPORATION, | |
| Plaintiff, | Case No. 2:15-cv-13935-SJM-MJH |
| vs. | District Judge Stephen J. Murphy, III |
| COMCAST CABLE COMMUNICATIONS, LLC, et al., | Magistrate Judge Michael J. Hluchaniuk |
| Defendant. | |

## COMCAST CABLE COMMUNICATIONS, LLC'S BRIEF IN SUPPORT OF ITS MOTIONS TO DISMISS PROGME'S INDIRECT INFRINGEMENT & WILLFULNESS CLAIMS UNDER FED. R. CIV. P. 12(B)(6), AND TO DISMISS CERTAIN DIRECT INFRINGEMENT CLAIMS UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)

# TABLE OF CONTENTS

I.    STATEMENT OF ISSUES PRESENTED ....................................................vi

II.   CONTROLLING AUTHORITY FOR RELIEF SOUGHT......................... vii

III.  INTRODUCTION ...................................................................................1

IV.   FACTUAL BACKGROUND.........................................................................4

      A.    Progme's conclusory accusations of indirect and willful
            infringement fail to identify any direct infringer, pre-suit
            knowledge of the patent, specific intent, no noninfringing
            substitutes, or any fact relevant to willfulness. .....................4

      B.    Progme asserted that Comcast Cable had constructive notice of the
            patent based on patent marking on a website but nowhere alleged
            that Comcast Cable accessed the website or even knew of the
            existence of Progme before the complaint. ...........................................6

      C.    Counts III-VI merely identified source code from a third-party and
            stated that, based on the code, Comcast Cable and another
            defendant directly infringed – without any factual allegation
            linking the third-party code to any Comcast Cable instrumentality. ....7

V.    ARGUMENT.........................................................................................8

      A.    Applicable Law ...................................................................................8

      B.    The Court should dismiss Progme's allegations of indirect
            infringement under Fed. R. Civ. P. 12(b)(6) because the
            Complaint nowhere identified a direct infringer or pleads other
            required elements for inducement or contributory infringement.........11

            1.    Progme's failure to plead facts identifying, or at least
                  implying the existence of, a third-party direct infringer is
                  fatal to its indirect-infringement claims because there can be
                  no indirect infringement if no direct infringement. ..................11

            2.    Alternatively, Progme's failure to plead that Comcast Cable
                  had actual knowledge of the patent before the amended
                  complaint is fatal to Progme's indirect infringement claims....13

i

3.    Progme's inducement claims should also be dismissed because it failed to plead specific intent or that Comcast Cable knew that any third-party act constituted direct infringement. ............................................................16

4.    The Court should also dismiss each contributory-infringement claim because Progme's pleadings failed to allege that any "component" of any patented invention was unsuitable for substantial noninfringing use. ...........................18

C.    Progme's failure to plead pre-suit knowledge of the patent is fatal to its willful infringement claims. .......................................................19

D.    The Court should dismiss Progme's claims for direct infringement in counts III-VI because the counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing. .................21

E.    Alternatively, the Court should order a more definite statement as to Progme's claims for direct infringement in counts III-VI because the counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing. ...........................................23

VI.    CONCLUSION..............................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst., L.L.C. v. Aharonov*,
   No. 14-10026, 2015 WL 631959 (E.D. Mich. Feb. 13, 2015) .....8, 14, 15, 18, 20

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 Fed. Appx. 934 (Fed. Cir. 2015)............................ 14, 15, 16, 17, 18, 20, 21

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964)....................................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................8, 9, 13, 21

Bay Indus., Inc. v. Tru-Arx Mfg., LLC, No. 06-C-1010, 2006 WL
   3469599, (E.D. Wis. Nov. 29, 2006). .........................................................23, 24

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................8, 9, 21

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ...................................................10, 11, 13, 16, 19

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015).......................................................................9, 10, 13, 17

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) .............................................................9, 10, 16

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ....................................................................9, 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011)................................................................9, 10, 13, 14, 15

*Hewlett-Packard Co. v. Intergraph Corp.*,
   No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003)............................22

*Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*,
    408 F.3d 1374 (Fed. Cir. 2005) ..........................................................20

*JDS Techs., Inc. v. Avigilon USA Corp.*,
    No. 15-10385, 2015 WL 3603525 (E.D. Mich. June 5, 2015) ....................13, 15

*Judin v. U.S.*,
    110 F.3d 780 (Fed. Cir. 1997) .......................................................2, 24

*Lantiq N. Am., Inc. v. Ralink Tech. Corp.*,
    No. 11-00234, 2011 WL 2600747 (N.D. Cal. June 30, 2011) ..........................22

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)...................................13, 14, 15, 18

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1437 (Fed. Cir. 1998*)* ........................................................20

*Prism Techs., LLC v. AT&T Mobility, LLC*,
    No. 8:12-CV-122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) ........................22

*Proxyconn Inc. v. Microsoft Corp.*,
    No. 11-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012)............................15

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ........................................................20

*Serv. Sols. U.S., LLC v. Autel U.S. Inc.*,
    No. 13-10534, 2013 WL 5701063 (E.D. Mich. Oct. 18, 2013) ........................14

*Swierkiewicz v. Sorema NA.*,
    534 U.S. 506 (2002)....................................................................23

**Statutes**

35 U.S.C. § 271(a) ............................................................... vii, 6, 11

35 U.S.C. § 271(b) ................................................................... vii, 2

35 U.S.C. § 271(c) ........................................................... vii, 2, 18, 19

35 U.S.C. § 287 ......................................................................7, 15

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ................................................................. vi, vii, 8, 9

Fed. R. Civ. P. 11 ........................................................................ vi, vii, 24

Fed. R. Civ. P. 11(b) ........................................................................... vii

Fed. R. Civ. P. 12(b)(2) ........................................................................4

Fed. R. Civ. P. 12(b)(3) ........................................................................4


Fed. R. Civ. P. 12(b)(6)...................... 1, 2, 4, 8, 9, 11, 12, 13, 15, 16, 18, 21, 24, 25

Fed. R. Civ. P. 12(e)..............................................................1, 4, 5, 23, 25

## I.    STATEMENT OF ISSUES PRESENTED

Pursuant to Local Rule 7.1(d)(2), Comcast Cable Communications, LLC ("Comcast Cable") asks the Court to decide the following issues in connection with this motion: (1) whether Progme's indirect infringement allegations (*i.e.*, allegations of alleged induced and contributory infringement), willful infringement allegations, and certain direct infringement allegations (counts III-VI) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted; and (2) alternatively, whether Progme should provide a more definite statement with respect to its direct infringement claims in counts III-VI of the complaint.

## II.      CONTROLLING AUTHORITY FOR RELIEF SOUGHT

The controlling authority for Comcast Cable's motion is as follows:

(1) For Comcast Cable's motion to dismiss for failure to state a claim, Fed. R. Civ. P. 8(a), 11(b), 12(b)(6), 35 U.S.C. §§ 271(a)-(c) & 284.  Additionally, jurisprudence from the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit and the Federal Circuit construing and applying those authorities is controlling;

(2) For Comcast Cable's motion for a more definite statement, Fed. R. Civ. P. 12(e).  Additionally, jurisprudence from the United States Supreme Court and the United States Courts of Appeals for the Sixth Circuit and Federal Circuit construing and applying those authorities is controlling.

## III.        INTRODUCTION

Progme's 65-page amended complaint might qualify as voluminous, but it is devoid of substance.  The vast majority of the pages are filled with what appears to be computer code copied from third-party websites like "community.cablelabs.com" (*see, e.g*., pp. 35-36, 38-48, 54-60) and "docjar.com" (*see, e.g.*, pp. 50-53).  Notably, as to four of the six counts against Comcast Cable, there is no allegation linking the third-party computer code to Comcast Cable or any Comcast Cable instrumentality – the complaint simply points to the third-party code and states that Comcast Cable infringed when supposedly implementing this code in its "cable television networks, services and transmission systems." Nowhere does the complaint state a single fact supporting any notion that Comcast Cable even knew about the third-party code let alone implemented it; nowhere does the complaint in any way attempt to explain what this third-party code has to do with Comcast Cable.

Even after Comcast Corporation (the named defendant in the original complaint) raised much of the same deficiencies in its motions with respect to the first complaint and even after Progme was given the opportunity to amend the complaint, it did not materially change its allegations as to indirect or willful infringement, or its direct infringement claims in Counts III-VI, in a manner that would provide Comcast Cable with any notice as to which of its instrumentalities

Progme is accusing.  And far from providing clarification, Progme has further confused the matter by injecting NBCUniversal Media, LLC ("NBCU") – an entity entirely independent of Comcast Cable – as an allegedly properly-joined defendant.

As to all allegations of indirect infringement against Comcast Cable, aside from repeating the boilerplate phrase "inducement and/or contributory infringement" in connection with various third-party computer code, the amended complaint nowhere identified any element of inducement or contributory infringement, let alone alleged any fact that could support such elements.  The same is true for the prayer for a finding of willful infringement.  Therefore, as to the direct infringement allegations in counts III-VI and as to all charges of indirect and willful infringement, Progme's amended complaint still fails to "meet the minimum standards imposed by [Fed. R. Civ. P.] 11." *Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (reversing trial court's denial of defendant's sanction motion, finding an abuse of discretion where plaintiff's lawyer did not make a "reasonable effort to ascertain whether the accused devices satisfied" patent claims).

Specifically, pursuant to Fed. R. Civ. P. 12(b)(6), Progme's amended complaint failed to state a claim upon which relief can be granted for (1) induced infringement under 35 U.S.C. § 271(b); (2) contributory infringement under 35 U.S.C. § 271(c); and (3) willful infringement.  Progme failed to allege any third-

party direct infringement, a prerequisite to charging Comcast Cable with inducing or contributing to such direct infringement. Progme further failed to allege any facts regarding Comcast Cable's pre-suit knowledge of the asserted patent, a required element not only of inducement and contributory infringement but also of willful infringement. Furthermore, though specific intent is a required element of inducing infringement, Progme failed to allege specific intent, let alone identify any fact related to such intent. And Progme failed to identify, let alone plead any facts tending to show, a component of the invention for which there are no noninfringing substitutes, a prerequisite to properly pleading contributory infringement. For the reasons provided, this Court should therefore dismiss all of Progme's claims of indirect and willful infringement for failing to state a claim upon which relief can be granted.

Furthermore, as to Progme's claims of Comcast Cable direct infringement in counts III-VI, Progme failed to lay out any fact associating Comcast Cable with the allegedly infringing activity. Instead, Progme appears to have merely copied computer code from third-party websites and then, with no factual basis or support, simply states that Comcast Cable and NBCU "jointly, severally, or alternatively in their respective cable television networks, services and transmission systems" infringed because of the copied code. But Progme nowhere identified, for either defendant, what accused instrumentality the code relates to or where it is used in

the "cable television network." Therefore, the direct infringement claims in these counts should be dismissed under Fed. R. Civ. P. 12(b)(6). And as there can be no indirect or willful infringement absent underlying direct infringement, the flaws in Counts III-VI provide a further reason to dismiss Progme's respective indirect infringement allegations. Alternatively, Comcast Cable moves for an order requiring Progme to provide a more definite statement as to these counts pursuant to Fed. R. Civ. P. 12(e).

## IV.    FACTUAL BACKGROUND

### A.    Progme's conclusory accusations of indirect and willful infringement fail to identify any direct infringer, pre-suit knowledge of the patent, specific intent, no noninfringing substitutes, or any fact relevant to willfulness.

Progme originally filed this action against Comcast Corporation and sixteen other defendants, alleging infringement of U.S. patent no. 8,713,425 ("the '425 Patent"). (Dkt. 1, Ex. A). Progme then dismissed all other defendants but did not amend the complaint to address the many deficiencies that Comcast Corporation described to Progme's counsel prior to filing its motions, forcing Comcast Corporation to prepare and file its motions. (Dkts. 4 & 8-9).

Specifically, on February 3, 2016, Comcast Corporation filed a motion pursuant to Fed. R. Civ. P. 12(b)(2) or 12(b)(3) to dismiss, or in the alternative, transfer (Dkt. 8). Comcast Corporation also moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Progme's indirect infringement, willfulness, and certain direct

infringement claims or, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e) as to the direct infringement claims (Dkt. 9). On February 17, 2016, this Court afforded Progme "an opportunity to cure the purported pleading defects by granting it leave to file an amended complaint that sufficiently shows that the Court has jurisdiction to decide the matter, and that states a plausible claim for relief." (Dkt. 10 at 1). The Court also amended the case caption to read only *Progme Corporation v. Comcast Corporation*. (*Id.* at 2). On the same day, Progme amended its complaint to drop Comcast Corporation from the case caption, and to add Comcast Cable and NBCU. (*See* Dkt. 11). The Court without prejudice denied Comcast Corporation's motions to dismiss, dismissed Comcast Corporation, and amended the case caption on February 24, 2016. (Dkt. 18).

As to each count against Comcast Corporation in the initial complaint, the entirety of Progme's allegation of indirect infringement was in a single sentence that accused Comcast Corporation of "infringing . . . indirectly by way of inducement and/or contributory infringement . . . the '425 Patent in this judicial district and elsewhere." (*See* Dkt. 1 ¶¶ 49, 84, 89, 93 & 98). The counts (and complaint generally) nowhere identified any third party responsible for direct infringement or even implied who such a third party might be – a prerequisite of pleading indirect infringement. Now, in its amended complaint, Progme may have attempted to allege – although it is by no means clear – that another defendant –

NBCU – is responsible for *some* limitations of each asserted claim, apparently at the direction or control of Comcast Cable (*see, e.g.* Dkt. 11 *¶¶ 5*, 17).  If this is what Progme alleged, then the alleged direct infringer would apparently be the combination of both Comcast Cable and NBCU.  If Progme is attempting to name NBCU as a third-party direct infringer, this assertion falls short because Progme does not allege that NBCU alone is a direct infringer for indirect infringement purposes, or that Comcast Cable is somehow otherwise responsible for the direct-infringement acts of NBCU.

Additionally, the counts and the complaint in general nowhere mentioned pre-suit knowledge of the patent – another requirement for pleading indirect infringement.  And, nowhere in the complaint is there a mention of specific intent or a single fact related to Comcast Cable's intent to induce infringement, a requirement for pleading inducement.  Furthermore, the counts, and complaint generally, made no mention of any component of a claimed apparatus that has no substantial noninfringing use – a pleading requirement of contributory infringement.  And nowhere in the complaint is there a single fact relevant to a charge that any Comcast Cable infringement was willful.  Instead, the complaint simply includes a "prayer for relief" in the form of "treble damages for willful infringement".  (*Id.*, ¶¶ 123.C).

**B.    Progme asserted that Comcast Cable had constructive notice of the patent based on patent marking on a website but nowhere**

**alleged that Comcast Cable accessed the website or even knew of the existence of Progme before the complaint.**

The amended complaint nowhere alleged that Comcast Cable had actual knowledge of the patent – a prerequisite of pleading indirect infringement and willfulness. It only alleged that Comcast Cable had constructive *notice* (not knowledge) of the patent. Such alleged notice is based on Progme's alleged marking of "the patent number . . . marked on the PrintHD.TV home page (located at www.printhd.tv) web page." (*Id.*, ¶ 115). The complaint stated that such "labelling at the bottom of the page [provided] constructive notice thereof pursuant to 35 U.S.C. § 287." (*Id.*, ¶ 115; *see also* ¶¶ 116 & 118). Notably, however, the complaint included no allegation that Comcast Cable had actually viewed any such web page or even knew of the existence of Progme, its web page, or PrintHD.TV.

**C.    Counts III-VI merely identified source code from a third-party and stated that, based on the code, Comcast Cable and another defendant directly infringed – without any factual allegation linking the third-party code to any Comcast Cable instrumentality.**

Progme alleged four counts against Comcast Cable where it alleged that Comcast Cable and NBCU infringed based on computer code found on a third-party website ("community.cablelabs.com" in Counts III, IV, VI and "docjar.com" in Count V), without ever identifying a factual link between the computer code and Comcast Cable. (*See* Dkt. 11, ¶¶ 88, 95, 103, 111).

Progme also failed to specify any Comcast Cable instrumentality in these counts that implemented the computer code, instead broadly referring to its "cable television networks, services and transmission systems" (counts III-V) and "cable television upnp Home Network systems, services and devices" (count VI).  (*See* Dkt. 11).

## V.    ARGUMENT

### A.    Applicable Law

Progme's claims against Comcast Cable for indirect and willful infringement of the '425 patent as to all counts should be dismissed because they fail to allege facts sufficient to state a plausible claim for relief under the standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The same is true for the claims of direct infringement in counts III-VI.

Although a complaint need not recite detailed factual allegations, Progme's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Addiction & Detoxification Inst., L.L.C. v. Aharonov*, No. 14-10026, 2015 WL 631959, at *2 (E.D. Mich. Feb. 13, 2015) (dismissing claims for indirect and willful infringement under Fed. R. Civ. P. 12(b)(6)) (citing *Twombly*, 550 U.S. at 555).  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To

survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded. *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Turning to the substantive claims, proof of inducement requires (1) direct infringement by another; (2) knowledge of the patent; and (3) specific intent to cause the direct infringer to perform acts knowing that the acts constituted infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303, 1306 (Fed. Cir. 2006). Just a few months ago, the Supreme Court reaffirmed the requirement for knowledge of the patent for inducement, stating that induced infringement "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (citing *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011)). Like inducement, contributory infringement requires: (1) direct infringement by another and (2) knowledge of the patent. *See Fujitsu Ltd. v.*

*Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).  Contributory infringement

further requires: (3) that a component provided by the accused contributory

infringer have no substantial non-infringing uses; and (4) that the component be a

material part of the invention.  *Id.*  The accused contributory infringer must also

know (5) "that the combination for which [its] component was especially designed

was both patented and infringing."  *Global-Tech.*, 131 S. Ct. at 2067 (internal

quotation marks omitted); *see also Commil*, 135 S. Ct. at 1926 ("[C]ontributory

infringement requires knowledge of the patent in suit and knowledge of patent

infringement.").

    To survive a motion to dismiss for failing to state a claim, the complaint

must contain allegations of facts sufficient to plausibly demonstrate the elements of

inducement and contributory infringement.  For example, as to inducement, the

Federal Circuit stated, "[t]o survive [a] motion to dismiss, [the complaint] must

contain facts plausibly showing that [the defendant] specifically intended [a third

party] to infringe . . . and knew that the [third party's] acts constituted

infringement."  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

681 F.3d 1323, 1339 (Fed. Cir. 2012).  "[I]nducement requires that the alleged

infringer knowingly induced infringement and possessed specific intent to

encourage another's infringement."  *Id.* (quoting *DSU*, 471 F.3d at 1306) (internal

quotes omitted).  And "[t]o state a claim for contributory infringement . . . a

– 10 –

plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337

A claim of direct infringement against Comcast Cable requires that *Comcast Cable* performed some act of infringement, not that some third-party had computer code that, if implemented by Comcast Cable, would result in direct infringement. 35 U.S.C. § 271(a).

**B.    The Court should dismiss Progme's allegations of indirect infringement under Fed. R. Civ. P. 12(b)(6) because the Complaint nowhere identified a direct infringer or pleads other required elements for inducement or contributory infringement.**

**1.    Progme's failure to plead facts identifying, or at least implying the existence of, a third-party direct infringer is fatal to its indirect-infringement claims because there can be no indirect infringement if no direct infringement.**

Though accusing Comcast Cable of inducing and contributing to infringement, the complaint nowhere identified any directly-infringing third party or set forth a single fact from which the identity of such a third-party could be inferred for indirect infringement purposes.[1] For example, in count I, the complaint alleged that Comcast Cable directly infringed the patent, that Comcast

---

[1] In its amended complaint, Progme may have attempted to allege – although it is by no means clear – that another defendant – NBCU – is responsible for some limitations of each asserted claim, apparently at the direction or control of Comcast Cable (*see, e.g.*, Dkt. 11 ¶¶ 5, 17).  If this is the case, the complaint is woefully deficient.

Cable deployed "servlets," and that Comcast Cable has and continues to infringe based on the servlets. (*Id*. at ¶¶ 39-72). While mentioning the words "inducement and/or contributory infringement," the count nowhere identified the identity of any direct infringer other than Comcast Cable (*see id*.). Count II alleged that Comcast Cable directly infringes the patent, incorporates the CMB code and servlets mentioned in count I, alleged that Comcast Cable has committed and continues to commit infringement, and mentioned the phrase "inducement and/or contributory infringement." (*Id*. at ¶¶ 74-80). Similarly, for counts III-VI, the complaint identified Comcast Cable as a direct infringer, stated either that Comcast Cable committed and continued to commit acts of infringement or has been and is now infringing the '425 patent, mentioned the phrase "inducement and/or contributory infringement," and referred to various computer code portions apparently copied into the complaint from third-party websites. (*Id*. at ¶¶ 82-88 (count III), ¶¶ 90-95 (count IV), ¶¶ 97-103 (count V), & ¶¶ 105-111 (count VI)). But nowhere is there, by word or implication, any reference to any third-party direct infringer.

Progme's failure to plead any fact, let alone sufficient facts, to identify a third-party direct infringer, or to at least support an inference that a direct infringer other than Comcast Cable even existed, is fatal to all of its indirect-infringement claims against Comcast Cable. Therefore, all of Progme's indirect-infringement claims should be dismissed for failing to state a claim upon which relief can be

granted under Fed. R. Civ. P. 12(b)(6).  *In re Bill of Lading*, 681 F.3d at 1335 ("To state a claim for indirect infringement," plaintiff must at least plead "facts sufficient to allow an inference that at least one direct infringer exists").

### 2.    Alternatively, Progme's failure to plead that Comcast Cable had actual knowledge of the patent before the amended complaint is fatal to Progme's indirect infringement claims.

Progme's failure to plead actual pre-suit knowledge of the patent is also fatal to all of its indirect infringement claims.  Indirect infringement based on either inducement or contributory infringement requires pre-suit knowledge of the patent-in-suit.  *Commil*, 135 S. Ct. at 1926 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).  To properly plead indirect infringement, Progme must have "plead sufficient facts . . . for the Court to infer that the defendants had knowledge of [the plaintiff's] patent…."  *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 229 (D. Del. 2012) (citations omitted) (granting defendants' motion to dismiss indirect infringement claims); *see also JDS Techs., Inc. v. Avigilon USA Corp.*, No. 15-10385, 2015 WL 3603525, at *2 (E.D. Mich. June 5, 2015) ("[P]utting *Global–Tech* together with *Iqbal*, the question before the Court on defendants' motions to dismiss is whether [the plaintiff] has plead sufficient facts ... for the Court to infer that the defendants had knowledge of [the patents-in-suit] and that their products infringed on those patents.") (citations omitted).

The knowledge requirement must be met by a showing of either actual knowledge or willful blindness – but constructive notice (such as by marking a website with a patent number) is not enough. *Global-Tech*, 131 S. Ct. at 2068; *see also MONEC*, 897 F. Supp. 2d at 232 n. 6 (stating that "actual (*not constructive*) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement . . . under *Global-Tech*, unless the patentee is claiming willful blindness") (emphasis added). Progme's complaint, however, nowhere included any allegation that Comcast Cable had actual knowledge of the patent or was willfully blind to the existence of the patent before the lawsuit. Therefore, this Court should dismiss each of Progme's indirect infringement claims of inducement and contributory infringement. *See Aharonov*, 2015 WL 631959 at *2 (dismissing indirect infringement claims that failed to state facts tending to show defendants had knowledge of patent before lawsuit was filed); *Addiction & Detoxification Institute, LLC v. Carpenter*, 2014 WL 3819349, *2 (E.D. Mich. Aug. 4, 2014) ("[T]he court must grant Defendants' motion to dismiss the indirect infringement claim, as Plaintiff has failed to state facts that allege that Defendants had knowledge of the '411 Patent before this lawsuit…."), *aff'd*, *Addiction & Detoxification Institute, LLC v. Carpenter,* 620 Fed. Appx. 934 (Fed. Cir. 2015).[2]

---

[2] Although one court in this district found induced-infringement allegations sufficient absent pre-suit knowledge of the patent, *see Serv. Sols. U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063, at *9 (E.D. Mich. Oct. 18,

Furthermore, the allegations in the amended complaint related to constructive *notice* (not knowledge) by marking a website with the patent number do not satisfy the requirement to plead actual knowledge.  (Dkt. 1, ¶ 115); *see Global Tech*, 131 S. Ct. at 2068 (finding that either actual knowledge or willful blindness required for "knowledge" element); *see also MONEC*, 897 F. Supp. 2d at 232 n. 6 (stating that "actual (*not constructive*) knowledge . . . necessary to state a claim for indirect infringement . . . under *Global-Tech*, unless the patentee is claiming willful blindness").[3]  Because Progme failed to plead that Comcast Cable had actual knowledge of the patent-in-suit before the filing of the suit, all of Progme's indirect infringement claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

---

2013), this decision appears to be an outlier, given the Federal Circuit's affirmance in *Carpenter* and at least two other decisions in this district.  Those two other decisions found pre-suit knowledge a requirement to sufficiently plead a claim for induced infringement.  *See JDS Techs., Inc. v. Avigilon USA Corp.*, No. 15-10385, 2015 WL 3603525, at *1-2 (E.D. Mich. June 5, 2015); *Addiction & Detoxification Inst., L.L.C. v. Aharonov*, No. 14-10026, 2015 WL 631959, at *2 (E.D. Mich. Feb. 13, 2015).  *See also Proxyconn Inc. v. Microsoft Corp.*, No. 11-1681, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012).

[3] Providing notice of a patent under 35 U.S.C. § 287 relates to damages, not liability – not knowledge of the patent to support indirect-infringement claims.

3.  **Progme's inducement claims should also be dismissed because it failed to plead specific intent or that Comcast Cable knew that any third-party act constituted direct infringement.**

Progme also failed to satisfy pleading requirements for all of its induced-infringement claims because the amended complaint nowhere alleged any specific intent to induce infringement.  As explained above, one element of inducement requires specific intent to cause direct infringement by another.  *DSU*, 471 F.3d at 1306.  Progme's amended complaint, however, nowhere even used the word "intent" let alone included a single fact that could somehow support an allegation that Comcast Cable specifically intended to induce direct infringement.  (Dkt. 11, ¶¶ 39-72 (count I), ¶¶ 74-80 (count II), ¶¶ 82-88 (count III), ¶¶ 90-95 (count IV), ¶¶ 97-103 (count V), & ¶¶ 105-111 (count VI)).  While mentioning the phrase "inducement and/or contributory infringement" in each count, the complaint nowhere included a single intent-related allegation or fact.

"To survive [a] motion to dismiss, [the complaint] must contain facts plausibly showing that [a defendant] specifically intended [a third party] to infringe the [patent] and knew that the [third party's] acts constituted infringement."  *In re Bill of Lading*, 681 F.3d at 1339 (citing *DSU*, 471 F.3d at 1306 (Fed. Cir. 2006).  The Federal Circuit recently affirmed a decision of this District that dismissed inducement allegations very similar to those alleged here under Fed. R. Civ. P. 12(b)(6).  *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. Appx.

934, 935 (Fed. Cir. 2015).  In *Carpenter*, the complaint included a conclusory allegation that the defendants induced infringement without pleading a single intent fact.  In affirming the dismissal, the Federal Circuit found that the complaint "contains no allegations regarding intent or any specific acts caused by Defendants" as to induce infringement.  620 Fed. Appx. at 938.  The Federal Circuit concluded, "[t]o state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement."  *Id.* (citing *Commil*, 135 S. Ct. at 1926).

The Federal Circuit further affirmed the district court's decision denying the plaintiff's motion to amend its complaint regarding indirect infringement because the proposed amended complaint merely concluded that the defendants acted "with specific intent to urge, instruct, encourage" infringement by "causing [,] urging, aiding, or instructing others to perform one or more claimed methods of the . . . patent, and acts which infringe one or more claims of the . . . patent," and that the defendants acted "with specific intent to induce third parties to infringe the . . . patent."  *Id.* The Federal Circuit noted that aside from reciting the legal conclusion that the defendants acted with specific intent, the amended complaint "did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."  *Id.*

Here, Progme's claims do not even reach the level of what the Federal Circuit found fell short of pleading indirect infringement in *Carpenter*. Progme's amended complaint continues to assert merely that Comcast Cable has been and is now "infringing, directly and indirectly by way of inducement and/or contributory infringement." (*See, e.g.*, Dkt. 11 ¶ 39). Not only has Progme failed to plausibly set forth its claims of indirect infringement, it does not even include the word "intent," a requirement of pleading inducement. As in *Carpenter*, this Court should dismiss all of Progme's inducement claims against Comcast Cable under Fed. R. Civ. P. 12(b)(6). *See also MONEC*, 897 F. Supp. 2d at 234 (citations omitted) (finding claim failed to establish requisite intent where it asserted conclusory allegation that each defendant "induced and will continue to contribute to and/or induce the infringement of the [patent] by others"); *Aharonov*, 2015 WL 631959, at *2 (dismissing claim for indirect infringement for failing to state facts alleging pre-suit knowledge of patent and specific intent to cause infringement).

### 4. The Court should also dismiss each contributory-infringement claim because Progme's pleadings failed to allege that any "component" of any patented invention was unsuitable for substantial noninfringing use.

The Court should dismiss Progme's contributory-infringement claim under Fed. R. Civ. P. 12(b)(6) because the amended complaint nowhere identified any "component" of an invention, let alone alleged that such component was not suitable for any substantial noninfringing use under 35 U.S.C. §271(c). In

pertinent part, contributory infringement may hold liable anyone who sells or offers to sell "a component of a patented machine, manufacture [or] combination…" that is "especially made or especially adapted for use in an infringement" so long as the component is not "suitable for substantial noninfringing use."  35 U.S.C. § 271(c).  A pleading for contributory infringement is deficient if it does not at least allow the inference that any identified "component" has no "substantial noninfringing use."  *In re Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.").  Because Progme's amended complaint fails to identify any alleged "component" of a patented invention, let alone allege that such unidentified component has no substantial noninfringing use, this Court should dismiss each of Progme's claims for contributory infringement for this alternate reason.

### C.    Progme's failure to plead pre-suit knowledge of the patent is fatal to its willful infringement claims.

While not mentioning willful infringement in any of its counts of infringement, Progme's complaint includes a "prayer for relief" in the form of "treble damages for willful infringement."  (*Id.*, ¶ 123.C).  But as with indirect infringement, to properly plead a claim for willful infringement, Progme was required to allege pre-suit knowledge of the patent.  A decision from this District

explained, "[i]n order to plead that a party has willfully infringed a patent, the party must have had knowledge of the patent; and post-filing knowledge is not sufficient to support such a claim." *Carpenter*, 2014 WL 3819349, *aff'd Carpenter,* 620 Fed. Appx. 934 (Fed. Cir. 2015). And as also explained above, the complaint nowhere included any allegation, or fact that could plausibly support an allegation, that Comcast Cable had knowledge of the patent before this suit was filed. Constructive notice by marking a website does not rise to actual knowledge as "the issue of willfulness turns on the actual knowledge of the infringer, and is unrelated to the adequacy of constructive notice by the patentee." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998*); see also Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005) (stating that "[c]onstructive notice, as by marking a product with a patent number, is insufficient to trigger this duty.") (citing *Nike*, 138 F.3d at 1446).

"[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007); *see also Aharonov*, 2014 WL 3819349, at * 2 (dismissing claims for willful infringement because "the complaint [did] not recite specific facts explaining if and when the defendants had knowledge of the [] patent" and stating "[i]n order to plead that a party has willfully infringed a patent, the party must have had knowledge of the patent; and post-filing

knowledge is not sufficient to support such a claim.").  Because there is no allegation of, and facts demonstrating, pre-suit knowledge of the patent, this Court should dismiss any claim for willful infringement under Fed. R. Civ. P. 12(b)(6).

>    **D.    The Court should dismiss Progme's claims for direct infringement in counts III-VI because the counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing.**

Progme's claims for direct infringement in counts III-VI should be dismissed because they fail to comply with even the bare-bone assertions required by the now-defunct Form 18, let alone allege facts sufficient to state a plausible claim for patent infringement under *Twombly* and *Iqbal*.  In each of these counts, Progme copied what appears to be computer code from third-party websites and then accuses Comcast Cable of infringement based on the code.  (*See* Dkt. 11, ¶¶ 88, 95, 103, 111).  But the counts nowhere state what the third-party code has to do with Comcast Cable or allege a single fact that could support the notion that Comcast Cable implemented the code anywhere in its "cable television networks, services and transmission systems."  Progme comes nowhere close to pleading facts sufficient to put Comcast Cable on notice of its specific allegedly infringing instrumentalities.  *See Carpenter*, 620 Fed. Appx. at 937 (affirming dismissal of the plaintiff's complaint and noting that "[t]here must be some allegation of specific services or products of the defendants which are being accused" to "put

Defendants on notice as to what activity, method, or procedure is alleged to infringe").

Alleging that Comcast Cable infringed through its "cable television network" without providing a "more specific identification of the [instrumentalities]" fails to put Comcast Cable on notice of what Progme accuses of infringement. *See Lantiq N. Am., Inc. v. Ralink Tech. Corp.*, No. 11-00234, 2011 WL 2600747, at *6-7 (N.D. Cal. June 30, 2011) (finding that broad categories of products listed – including, for example, access point, router, Ethernet, network interface controller, universal serial bus (USB), peripheral component interconnect (PCI), PCI express (PCle); and/or 802.11x products – failed to put defendant on notice absent "more specific identification of the products in any given category that are allegedly infringing"); *Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (finding that allegations of infringement by "software and hardware products" failed to provide "fair notice" where defendant "produces some 150 core technology platforms which are implemented in over 4000 end-user application products" ); *Prism Techs., LLC v. AT&T Mobility, LLC*, No. 8:12-CV-122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (finding that allegation of infringement by "various wireless products and data services" was "considerably more generic" than "electric motor" in Form 18, and so vague that it failed to provide adequate

notice to defendant as to how it allegedly infringes). Based on the allegations

made in Progme's complaint, Comcast Cable is unable to discern what

instrumentalities are accused of infringement.[4] For this reason, this Court should

dismiss Progme's claims pursuant to 12(b)(6) for failure to state a claim for which

relief can be granted.

> **E.    Alternatively, the Court should order a more definite statement as to Progme's claims for direct infringement in counts III-VI because the counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing.**

In the event the Court determines that Progme's direct infringement claims

in counts III-VI should not be dismissed, Comcast Cable requests, pursuant to Fed.

R. Civ. P. 12(e), that Progme be required to provide a more definite statement of its

direct infringement allegations. "If a pleading fails to specify the allegations in a

manner that provides sufficient notice, a defendant can move for a more definite

statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema NA.*, 534

U.S. 506, 514 (2002). This is appropriate where a party's initial pleading "is so

vague or ambiguous that the party cannot reasonably prepare a response." Fed. R.

Civ. P. 12(e).

In *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, the court explained its reasoning

for requiring a more definite statement to include the identification of the product

---

[4]As there can be no indirect or willful infringement absent underlying direct infringement, the flaws in Counts III-VI provide a further reason to dismiss Progme's respective indirect infringement allegations.

or products that would allegedly be infringing.  No. 06-C-1010, 2006 WL 3469599, at *2 (E.D. Wis. Nov. 29, 2006).  First, it was unreasonable to require defendant "to compare its approximately 40 products to at least 20 claims of the [patent] to formulate a response."  *Id.*  Second, an allegedly infringing product or other limiting parameter would focus discovery such that plaintiff would not seek discovery of defendant's entire line of products.  *Id.*  "Finally, requiring that plaintiff identify the product or products that allegedly infringe its patent insures that plaintiff has a proper basis for bringing suit in the first place" consistent with Fed. R. Civ. P. 11.  *Id.*; *see also Judin*, 110 F.3d at 784.  The same policy concerns apply here where Comcast Cable should not be required to compare the entirety of its "cable television networks, services and transmission systems" to the patent's claims; should not be forced to incur unnecessary discovery costs; and should be satisfied that there is a proper basis for the lawsuit.

Here, for all of the reasons detailed above, Progme's allegations are so vague and conclusory as to frustrate Comcast Cable's efforts to prepare a responsive pleading and a meaningful defense.  Accordingly, Progme should, at a minimum, be ordered to provide a more definite statement as to these claims.

## VI.    CONCLUSION

The Court should dismiss Progme's induced, contributory, and willful infringement claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The

Court should also dismiss claims of direct infringement alleged in counts III-VI of the complaint, for failing to state a claim under Fed. R. Civ. P. 12(b)(6). Alternatively, the Court should require Progme to provide a more definite statement as to alleged direct infringement in counts III-VI under Fed. R. Civ. P. 12(e).

Dated:        March 21, 2016                Respectfully submitted,

                                            BODMAN PLC

                                            By: /s/   Thomas Tallerico
                                                  Thomas Tallerico (P23662)
                                            Attorneys for Defendant Comcast Cable
                                            Communications, LLC
                                            201 W. Big Beaver Road, Suite 500
                                            Troy, Michigan 48084
                                            (248) 743-6000
                                            ttallerico@bodmanlaw.com

                                            Daniel J. Goettle (02933)
                                            Jeffrey W. Lesovitz (314925)
                                            Stephanie M. Papastephanou (316227)
                                            BAKER & HOSTETLER LLP
                                            2929 Arch Street
                                            Cira Centre, 12th Floor
                                            Philadelphia, PA  19104-2891
                                            Telephone: 215.568.3100
                                            Facsimile:  215.568.3439

                                            Attorneys for Defendant
                                            COMCAST CABLE COMMUNICATIONS,
                                            LLC
                                            Email:  dgoettle@bakerlaw.com
                                            jlesovitz@bakerlaw.com
                                            spapastephanou@bakerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2016, the foregoing COMCAST CABLE COMMUNICATIONS, LLC's MOTIONS TO DISMISS PROGME'S INDIRECT INFRINGEMENT & WILLFULNESS CLAIMS UNDER FED. R. CIV. P. 12(B)(6), AND TO DISMISS CERTAIN DIRECT INFRINGEMENT CLAIMS UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E) was filed using the Court's CM/ECF, which will send notice of the filing via electronic mail to all counsel of record designated to receive such notice.

BODMAN PLC


By: /s/   Thomas Tallerico
       Thomas Tallerico (P23662)
Attorneys for Defendant Comcast Cable
Communications, LLC
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
ttallerico@bodmanlaw.com