UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PROGME CORPORATION,<br><br>              Plaintiff,<br><br>    vs.<br><br>NBCUNIVERSAL MEDIA, LLC, et al.,<br><br>              Defendant. | Case No. 2:15-cv-13935-SJM-MJH<br><br>District Judge Stephen J. Murphy, III<br><br>Magistrate Judge Michael J. Hluchaniuk |

## NBCUNIVERSAL MEDIA, LLC'S MOTIONS TO DISMISS PROGME CORPORATIONS'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY, <u>FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)</u>

Defendant NBCUniversal Media, LLC ("NBCU") moves to dismiss Plaintiff Progme Corporation's ("Progme") First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the following reasons:

1.       Progme previously dismissed its claims against NBCU *with prejudice*, requiring dismissal of the First Amended Complaint in its entirety pursuant to the doctrine of *res judicata*.

2.       The First Amended Complaint fails to state a plausible claim against NBCU for direct infringement, indirect infringement, and willful infringement, requiring dismissal of the complaint in its entirety.

Alternatively, to the extent unresolved by NBCU's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), NBCU moves under Fed. R. Civ. P. 12(e) for an order requiring a more definite statement.

The parties conferred about these motions on multiple occasions between the filing of the amended complaint and the date of the filing of this motion, but reached no agreement.

Dated:        April 1, 2016                    Respectfully submitted,

                                               BODMAN PLC

                                               By: /s/  Thomas Tallerico
                                                    Thomas Tallerico (P23662)
                                               201 W. Big Beaver Road, Suite 500
                                               Troy, Michigan 48084
                                               (248) 743-6000
                                               ttallerico@bodmanlaw.com

                                               Eric A. Buresh
                                               Michelle L. Marriott
                                               Mark C. Lang
                                               ERISE IP, P.A.
                                               6201 College Blvd, Suite 300
                                               Overland Park, KS 66211
                                               Telephone:  913.777.5600
                                               Facsimile: 913.777.5601

                                               *Attorneys for Defendant NBC*
                                               *UNIVERSAL MEDIA, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGME CORPORATION,

                    Plaintiff,

          vs.

NBCUNIVERSAL MEDIA, LLC,
et al.,

                    Defendant.

Case No. 2:15-cv-13935-SJM-MJH

District Judge Stephen J. Murphy, III

Magistrate Judge Michael J. Hluchaniuk

**NBCUNIVERSAL MEDIA, LLC'S BRIEF IN SUPPORT OF ITS MOTIONS TO DISMISS PROGME'S COMPLAINT UNDER FED. R. CIV. P. 12(B)(6), OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)**

# **TABLE OF CONTENTS**

I.   STATEMENT OF ISSUES PRESENTED.........................................................iv

II.  CONTROLLING AUTHORITY FOR RELIEF SOUGHT .........................v

III. INTRODUCTION ...........................................................................................1

IV.  FACTUAL BACKGROUND...........................................................................2

V.   ARGUMENT....................................................................................................6

   A.  Applicable Legal Standards ....................................................................6

   B.  Progme's Claims Against NBCU Are Barred By *Res Judicata*, And Should Be Dismissed In Their Entirety. ...........................................8

   C.  Progme Fails to Plausibly Allege Infringement By NBCU, Warranting Dismissal Of All Claims Against NBCU.................................13

   D.  Progme Fails to Plausibly Allege Indirect Infringement By NBCU, And Its Claims for Induced and Contributory Infringement Should Be Dismissed. .........................................................................15

   E.  Progme's Willful Infringement Request Is Factually And Legally Unsupported, Requiring Dismissal.................................................19

   F.  To The Extent Any Claims Remain, Progme Should Be Required To Provide A More Definite Statement Of Its Claims Against NBCU...........19

VI.  CONCLUSION ...............................................................................................20

i

Detroit_9865815_1

# TABLE OF AUTHORITIES

## CASES

*Addiction & Detoxification Institute., L.L.C. v. Aharonov,*
    No. 14-10026, 2015 WL 631959 (E.D. Mich. Feb. 13, 2015) ........... 18 (fn.5)

*Addiction & Detoxification Institute, LLC v. Carpenter,*
    620 Fed. App'x. 934 (E.D. Mich. 2015) ..................................................... 14, 18

*Addiction & Detoxification Institute, LLC v. Carpenter,*
    2014 WL 3819349 (E.D. Mich. Aug. 4, 2014) ............................................ 17, 19

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ........................................................ 6, 13

*Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.,*
    193 F.3d 415 (6th Cir. 1999) ................................................................................ 9

*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) .................................................. 6, 7

*Berishaj v. Bank of New York Mellon, Case No. 14-13100,*
    2015 WL 136209 (E.D. Mich. Jan. 9, 2015) ...................................... 9, 11 (fn.2)

*Bishop v. Lucent Techs.*, 520 F.3d 516 (6th Cir. 2008) .......................................... 6

*Butler v. FCA US, LLC,* 119 F. Supp. 3d 699 (E.D. Mich. 2015) ........................... 8

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,*
    508 F.3d 327 (6th Cir. 2007) ............................................................. 7, 10 (fn.1)

*Commil USA, LLC v. Cisco Sys., Inc.,* 135 S. Ct. 1920 (2015) ............................ 17

*DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293 (Fed. Cir. 2006) ............................. 15

*Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060 (2011) ...................... 16

*Heike v. Central Michigan University Bd. of Trustees,*
    573 Fed. App'x. 476, 308 Ed. Law Rep. 739 (6th Cir. 2014) ............. 8, 9, 12-13

*Hensley Mfg. v. ProPride, Inc.,*
    579 F.3d 603 (6th Cir. 2009) ................................................................................ 6

*In re Bill of Lading Transmission and Processing System Patent Litigation,*
    681 F.3d 1323 (Fed. Cir. 2012) .................................................................... 16-18

*JDS Techs., Inc. v. Avigilon USA Corp.*, No. 15-10385,
    2015 WL 3603525 (E.D. Mich. June 5, 2015) ....................................... 18 (fn.5)

*JP Morgan Trust Co. Nat. Ass'n v. Mid-Am. Pipeline Co.,*
    413 F. Supp. 2d 1244 (D. Kan. 2006) .................................................................. 8

Detroit_9865815_1

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)........................................................18 (fn.5)

*Proxyconn Inc. v. Microsoft Corp.*, No. 11-1681,
   2012 WL 1835680 (C.D. Cal. May 16, 2012)........................................18 (fn.5)

*Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416 (6th Cir. 2001) ...........................6

*Rivet v. Regions Bank of La.,* 522 U.S. 476 (1998*)* ................................................8

*Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*,
   973 F.2d 474 (6th Cir. 1992) ................................................................................9

*Serv. Sols. U.S., LLC v. Autel U.S. Inc.*, No. 13-10534,
   2013 WL 5701063 (E.D. Mich. Oct. 18, 2013) .....................................18 (fn.5)

*Smoot v. Fox,* 340 F.2d 301 (6th Cir. 1964*)* .......................................................8, 12

*Swierkiewicz v. Sorema NA.,* 534 U.S. 506 (2002) ...............................................19

*Taylor v. U.S. Gov't,* 21 F. App'x 264, 2001 WL 1298959 (6th Cir. 2001) .............8

*United States v. Tohono O'odham Nation,* 563 U.S. 307,
   131 S.Ct. 1723 (2011)........................................................................................13

*Warfield v. AlliedSignal TBS Holdings, Inc.,* 267 F.3d 538 (6th Cir. 2001) ...........9

*Weiner v. Klais & Co., Inc.*, 108 F.3d 86 (6th Cir. 1997)........................................7

## <u>RULES AND STATUTES</u>

Fed. R. Civ. P. 10(c)..................................................................................................7

Fed. R. Civ. P. 12(b) ...............................................................................6, 7, 15, 19

Fed. R. Civ. P. 12(e)........................................................................................2, 19, 20

Fed. R. Civ. P. 41 ................................................................................................2, 9

35 U.S.C. § 271 ...........................................................................................12, 13

Detroit_9865815_1

## I.      STATEMENT OF ISSUES PRESENTED

Pursuant to Local Rule 7.1(d)(2), NBCUniversal Media, LLC ("NBCU") asks the Court to decide the following issues in connection with this motion:

(1) whether Progme's complaint is barred by *res judicata* in view of its prior dismissal of its claims against NBCU with prejudice;

(2) whether Progme's claims for direct infringement, indirect infringement (*i.e.*, induced and contributory infringement), and willful infringement fail to allege facts sufficient to state a plausible claim for relief, requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(6); and

(3) alternatively, whether Progme should provide a more definite statement with respect to its direct infringement claims.

iv

## II.    CONTROLLING AUTHORITY FOR RELIEF SOUGHT

The controlling authority for NBCU's motion is as follows:

(1)    NBCU's Motion to Dismiss For Failure To State A Claim: Fed. R. Civ. P. 8(a), 12(b)(6), and 41; 35 U.S.C. §§ 271(a)-(c) & 284; jurisprudence from the United States Supreme Court, United States Court of Appeals for the Sixth Circuit and Federal Circuit, and the United States District Courts, in particular this Court;

(2)    NBCU's Motion For A More Definite Statement: Fed. R. Civ. P. 12(e); jurisprudence from the United States Supreme Court, United States Courts of Appeals for the Sixth Circuit and Federal Circuit, and the United States District Courts, in particular this Court.

Detroit_9865815_1

## III.        INTRODUCTION

This is the second time that Progme has sued NBCU for infringement of U.S. Patent No. 8,713,425 ("the '425 patent").  The first time, Progme dismissed its claims against NBCU and 15 other defendants **with prejudice**.  Now, months later, Progme has filed its First Amended Complaint ("FAC"), which purports to re-allege the same claims of infringement of the '425 patent against NBCU that it previously dismissed with prejudice.  Progme's claims against NBCU are barred by *res judicata*, and its attempt to re-raise claims that it fully and finally dismissed is legally and factually baseless.

Even assuming, *arguendo*, that Progme's claims against NBCU were not barred, the FAC fails to plausibly allege infringement by NBCU.  While voluminous, the FAC does not identify any NBCU product or service that is accused of infringement, let alone provide any facts that would support an infringement claim.  None of the allegations relate to any actions taken by NBCU, or products or services provided by NBCU.  Instead, Progme cites to various portions of third-party computer code, yet never alleges facts that would plausibly suggest that the code is implemented in any NBCU product or service.  Nor does the FAC recite any facts to support its conclusory allegations of induced and contributory infringement – claims that require (at a minimum) the identification of a direct infringer, pre-suit knowledge of the patent and/or alleged infringement,

Detroit_9865815_1

and specific intent required to induce infringement.  The same is true for willful infringement, which is not specifically alleged or factually supported at all, yet is included in the Prayer for Relief.  Progme's claims fail for this reason, too, and should be dismissed.  Alternatively, to the extent the Court does not dismiss Progme's claims in their entirety, NBCU moves for an order requiring Progme to provide a more definite statement regarding its claims pursuant to Fed. R. Civ. P. 12(e).

## IV.    FACTUAL BACKGROUND

On November 9, 2015, Progme filed its original "Complaint For Patent Infringement" in this Court, accusing 17 companies of infringing the '425 patent. Dkt. 1.  Among the 17 named defendants was "NBCUniversal, Inc., 30 Rockefeller Plaza, New York, NY 10112."  *Id.*

Before any of the defendants responded to the Complaint, Progme filed a "Notice of Dismissal of Defendants and Action Against Defendants Pursuant to FRCP 41(a)(1)(A)(i)," in which it dismissed all of the named defendants except Comcast – including NBC Universal, Inc. – ***with prejudice***:

Detroit_9865815_1

> **NOTICE IF HEREBY GIVEN**, pursuant to FRCP 41(a)(1)(A)(i), by Progme Corporation, through its counsel, that the entire above-captioned action is dismissed with prejudice against Defendants (all except Comcast Corporation) Amazon.com, Inc., Bright House Networks. LLC, CSC Holdings LLC, Charter Communications Inc., HP Inc., Hulu, LLC, iHeartMedia, Inc., Jelli, Inc., Katz Media, Inc., NBCUniversal, Inc., Netflix, Inc., Samsung Electronics America, Inc., SeaChange International, Inc., The Walt Disney Company, The Weather Channel, Inc. and Time Warner Cable Inc., only, each party being responsible to bear its own costs and attorney fees.

Dkt. 4 (Notice of Dismissal filed November 25, 2015).

Despite its dismissal of NBC Universal, Inc. with prejudice, Progme filed its FAC on February 17, 2016, which re-asserts claims of infringement of the '425 patent against NBCU – this time listed as "NBCUniversal Media, LLC, 30 Rockefeller Plaza, New York, NY 10112." Dkt. 11. While the corporate entity names appear to be different, NBC Universal, Inc. and NBCUniversal Media, LLC are one in the same. On January 28, 2011, NBC Universal, Inc. was formally converted from a corporation to a limited liability company called NBC Universal Media, LLC, which subsequently changed its name to NBCUniversal Media, LLC, all through public documents filed with the Delaware Secretary of State:

Detroit_9865815_1

**Delaware**

PAGE  1

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND
CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE
CORPORATION UNDER THE NAME OF "NBC UNIVERSAL, INC." TO A
DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "NBC
UNIVERSAL, INC." TO "NBC UNIVERSAL MEDIA, LLC", FILED IN THIS
OFFICE ON THE TWENTY-EIGHTH DAY OF JANUARY, A.D. 2011, AT 8:30
O'CLOCK A.M.

Exhibit A (Certificate of Conversion of NBC Universal, Inc. to NBC Universal Media, LLC, and Certificate of Amendment changing "NBC Universal Media, LLC" to "NBCUniversal Media, LLC").  In other words, both NBC Universal, Inc. and NBCUniversal Media, LLC refer to the same legal corporate entity.

Progme's FAC similarly refers to "NBCUniversal, Inc." and "NBCUniversal Media, LLC" interchangeably, alleging, for example, that NBCUniversal Media, LLC received "actual notice" of the patent through "service" of Progme's Notice of Dismissal of NBC Universal, Inc.  Dkt. 11 ¶ 120. Additionally, Progme alleges that the "Federal Communications Commission approved Defendant Comcast's acquisition of Defendant NBCU in FCC MB Dkt. 10-56" (Dkt. 11 ¶4), when in fact that FCC document was referring to NBC Universal, Inc. because the document issued before the conversion and name

Detroit_9865815_1

change.   Exhibit B (*In the Matter of Comcast Corporation, General Electric Company, and NBC Universal, Inc.*, FCC Memorandum Opinion & Order ("FCC Order") at 2-3 (defining NBC Universal, Inc. as "NBCU")).

In addition to the corporate entity issues, Progme's FAC also does not contain any facts identifying the features of NBCU products or services that allegedly infringe the patent.  The FAC claims appear to concern allegations based primarily on computer code found on third-party websites ("github.com" in Count I and II, "community.cablelabs.com" in Counts III, IV, VI and "docjar.com" in Count V).  *See* Dkt. 11, ¶¶ 42, 60-71, 76, 88, 95, 103, 111.  The FAC, however, fails to connect NBCU with this third-party code.  While the Amended Complaint broadly references NBCU's "cable television networks, services and transmission systems" (counts I-V) and "cable television upnp Home Network systems, services and devices" (count VI), it never identifies a particular NBCU system that Progme contends is purportedly using the third-party code or committing any allegedly-infringing activity.  *See* Dkt. 11.

Progme's allegations regarding induced and contributory infringement are even more sparse.  The FAC repeats the conclusory allegation that NBCU has committed infringement "directly and indirectly by way of inducement and/or contributory infringement" (*see, e.g.,* Dkt. 11 39, 53, 55, 60-72, 74-75, *et seq.*), but never alleges any facts to plausibly support any of the elements required for

inducement or contributory infringement.  And as to willful infringement, the FAC does not contain any legal or factual allegations at all, but instead requests "treble damages for willful infringement" in the Prayer for Relief.  Dkt. 11 at p. 63.

## V.   ARGUMENT

### A.   Applicable Legal Standards

Defendant NBCU moves for dismissal of the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief is all the facts and allegations in the complaint are taken as true."  *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).  The Court may grant a motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'"  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  While the Court presumes the truth of all well-pled factual assertions, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555); *see also Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2008).  Thus, under *Iqbal* and *Twombly*, a complaint must "plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible

Detroit_9865815_1

on its face.'" *Twombly*, 550 U.S. at 556. Due to the abrogation of Form 18 of the Federal Rules of Civil Procedure on December 1, 2015, this pleading standard applies to claims of both direct and indirect infringement.

While consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings, documents referenced in the pleadings and public documents may also be considered. Specifically, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Further, if a plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not its associated documents). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 336. Public documents, such as those filed with the secretary of state, generally satisfy the judicial notice standard, and "district courts routinely take judicial notice of such documents in resolving

Detroit_9865815_1

motions to dismiss." *JP Morgan Trust Co. Nat. Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006).

**B.    Progme's Claims Against NBCU Are Barred By *Res Judicata*, And Should Be Dismissed In Their Entirety.**

Progme's dismissal of its claims of infringement of the '425 patent against NBCU with prejudice legally precludes its attempt to re-assert them in the FAC, requiring dismissal of NBCU from this action.   A voluntary dismissal with prejudice operates as an adjudication on the merits in favor of a defendant.  *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964).  "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties."  *Id.*; *see also Taylor v. U.S. Gov't*, 21 F. App'x 264, 266, 2001 WL 1298959 (6th Cir. 2001) ("A dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and the doctrine of claim preclusion bars further litigation.").   Because claim preclusion is an affirmative defense, it can be raised in the context of a motion to dismiss.  *Butler v. FCA US, LLC*, 119 F. Supp. 3d 699, 703 (E.D. Mich. 2015).

The doctrine of claim preclusion operates to preclude a party or their privies from relitigating issues that were or could have been raised in the prior action. *Heike v. Central Michigan University Bd. of Trustees*, 573 Fed. App'x. 476, 308 Ed. Law Rep. 739 (6th Cir. 2014) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 476 (1998)).  The Sixth Circuit has identified four elements for claim preclusion:

8

"(1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Heike*, 573 Fed.App'x. at 480 (citing *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). Privity for purposes of claim preclusion exists where a party to the second action "is either a successor in interest to a party in the prior action, a nonparty who controlled the original suit, or a nonparty who was adequately represented by a party to the prior action." *Berishaj v. Bank of New York Mellon*, Case No. 14-13100, 2015 WL 136209, at *5 (E.D. Mich. Jan. 9, 2015) (citing *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999)).

The facts of this case warrant dismissal of the FAC against NBCU. *First*, Progme's voluntary dismissal with prejudice operated as a final judgment on the merits as to NBCU. *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) ("A voluntary dismissal [under Fed. R. Civ. P. 41(a)(1)] with prejudice operates as a final adjudication on the merits and has a res judicata effect."). The Notice of Dismissal filed by Progme unequivocally dismissed the "entire" action against NBCU "with prejudice":

Detroit_9865815_1

> **NOTICE IF HEREBY GIVEN**, pursuant to FRCP 41(a)(1)(A)(i), by Progme Corporation, through its counsel, that the entire above-captioned action is dismissed with prejudice against Defendants (all except Comcast Corporation) Amazon.com, Inc., Bright House Networks. LLC, CSC Holdings LLC, Charter Communications Inc., HP Inc., Hulu, LLC, iHeartMedia, Inc., Jelli, Inc., Katz Media, Inc., NBCUniversal, Inc., Netflix, Inc., Samsung Electronics America, Inc., SeaChange International, Inc., The Walt Disney Company, The Weather Channel, Inc. and Time Warner Cable Inc., only, each party being responsible to bear its own costs and attorney fees.

Dkt. 4.

*Second*, the FAC involves the same parties, or their privies, as the original Complaint. Progme is the named plaintiff in both complaints, and NBCU – which was formerly known as NBC Universal, Inc. and legally converted to NBCUniversal Media, LLC – is the named defendant in both complaints. Ex. A (Certificate of Conversion[1]). Pursuant to the Delaware Code section governing conversions, "[w]hen a corporation has been converted to another entity or business form pursuant to this section, the other entity or business form shall, for all purposes of the laws of the State of Delaware, ***be deemed to be the same entity*** as the corporation." 8 Del. C. 266(h) (emphasis added). Accordingly, NBC

---

[1]    The Certificate of Conversion, a record of the Delaware Secretary of State, is properly considered as a matter of public record in deciding a motion to dismiss. *Commercial Money Ctr.*, 508 F.3d at 336. "Such certificate of the Secretary of State shall be prima facie evidence of the conversion by such corporation out of the state of Delaware." 8 Del. C. § 266(d).

Detroit_9865815_1

Universal, Inc. and NBCUniversal Media, LLC are the same entity.[2]

Progme's pleadings confirm the same understanding.  Progme's original complaint and FAC both accuse the same provision of content by NBCUniversal of infringement.  *Compare* Dkt. 1 ¶ 77, 78 (alleging NBC Universal, Inc. of infringement through "program signals representative of predetermined program material") *with* Dkt. 11 ¶ 53 (alleging same allegations against NBCUniversal Media, LLC).  The FAC further refers to NBC Universal, Inc. and NBCUniversal Media, LLC interchangeably as "NBCU."  For example, the FAC alleges that the "Federal Communications Commission approved Defendant Comcast's acquisition of Defendant NBCU in FCC MB Dkt. 10-56."  Dkt. 11 ¶ 4.  Yet "Defendant NBCU" is defined in the FAC as NBCUniversal Media, LLC, whereas the FCC Order specifically related to NBC Universal, Inc.  *Compare* Dkt. 11 *with* Exhibit B at 2 (FCC Order).[3]  Additionally, the FAC alleges that NBCUniversal Media, LLC received "actual notice" of the patent through service of Progme's previous Notice of Dismissal of NBC Universal, Inc.  Dkt. 11 ¶ 120.  Progme's decision to treat NBC Universal, Inc. and NBCUniversal Media, LLC as the same entity in the FAC

---

[2]    Further, to the extent there is any meaningful distinction between NBC Universal, Inc. and NBCUniversal Media, LLC (and there is not), NBCUniversal Media, LLC would be a "successor in interest to a party in the prior action," and thus would be a privy of NBC Universal, Inc.

[3]   A document that is referred to in the pleadings and that is integral to the claims "may be considered without converting a motion to dismiss into one for summary judgment." *Berishaj*, 2015 WL 136209, at *4 (internal citations omitted).

Detroit_9865815_1

is not only consistent with the legal effect of the conversion, but it evidences Progme's understanding that both actions involve the same party.

*Third*, the issue raised in the FAC was or should have been litigated in the original Complaint. Both complaints allege infringement of the '425 patent. *Compare* Dkt. 1 at 1-2 ("Plaintiff Progme Corporation ('Progme') files this Complaint for patent infringement against [Defendants] for infringement of U.S. Patent No. 8,713,425 ("'425 Patent") pursuant to 35 U.S.C. 271.") *with* Dkt. 11 at 1 ("Plaintiff Progme Corporation ('Progme') files this FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT against [Defendants] for infringement of U.S. Patent No. 8,713,425 ("'425 Patent")). Both complaints allege direct infringement and indirect infringement. *Compare, e.g.,* Dkt. 1 ¶ 110(A) *with* Dkt. 11 ¶ 123(a). And both complaints contain substantially similar factual allegations. *Compare, e.g.,* Dkt. 1 ¶ 87 *with* Dkt. 11 ¶ 88; Dkt. ¶ 90 *with* Dkt. 11 at ¶ 91; Dkt. 1 ¶ 94 *with* Dkt. 11 ¶98; Dkt. 1 ¶ 99 *with* Dkt. 11 ¶ 106. The issues raised in both complaints are the same, and were completely adjudicated when Progme voluntarily dismissed the action in its entirety with prejudice. *Smoot*, 340 F.2d at 303 ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.").

Detroit_9865815_1

*Finally*, there is an identity of the causes of action between the original complaint and the FAC because "the facts and events creating the right of action and the evidence necessary to sustain each claim are the same." *Heike*, 573 Fed. App'x at 482-83. The Supreme Court has characterized this in terms of "factual overlap." *Id.* (citing *United States v. Tohono O'odham Nation,* 563 U.S. 307, 131 S.Ct. 1723, 1730, 179 L.Ed.2d 723 (2011)). A simple comparison of the original complaint and Amended Complaint demonstrates that Progme is relying on the same, or substantially the same, set of operative facts.

Based on all of the foregoing, the test for claim preclusion is fully satisfied, and as a result Progme's claim against NBCU is barred by the doctrine of *res judicata* and, therefore, should be dismissed in its entirety.

### C.    Progme Fails to Plausibly Allege Infringement By NBCU, Warranting Dismissal Of All Claims Against NBCU.

Progme's infringement allegations, to the extent they can be understood, appear to have nothing to do with NBCU. The FAC does not allege any facts to indicate that any NBCU product or service is allegedly infringing any claim of the '425 patent. At best, it alleges that some third-party computer code may be infringing, but at no point does it allege any facts to suggest that NBCU is making, using, or selling that third-party computer code. *See* Dkt. 11, ¶¶ 42, 60-71, 76, 88, 95, 103, 111. Because a claim for patent infringement requires an allegation that the defendant "makes, uses, offers to sell, or sells" a patented invention without

Detroit_9865815_1

authority, and the FAC does not allege any facts to suggest that NBCU is doing so, Progme's claim against NBCU is not facially plausible and should be dismissed. 35 U.S.C. § 271(a); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The FAC claims appear to concern allegations based primarily on computer code found on third-party websites ("github.com" in Count I and II, "community.cablelabs.com" in Counts III, IV, VI and "docjar.com" in Count V). *See* Dkt. 11, ¶¶ 42, 60-71, 76, 88, 95, 103, 111. The FAC, however, fails to connect NBCU with this third-party code. While the Amended Complaint broadly references NBCU's "cable television networks, services and transmission systems" (counts I-V) and "cable television upnp Home Network systems, services and devices" (count VI), it never identifies a particular NBCU system that Progme contends is purportedly using the third-party code or committing any allegedly-infringing activity. *See* Dkt. 11.

In addition to being facially implausible, Progme's FAC is so general and unspecific that it fails to put NBCU on notice of its specific allegedly infringing instrumentalities or activities. *See Addiction & Detoxification Institute, LLC v. Carpenter*, 620 Fed. App'x. 934, 937 (E.D. Mich. 2015) ("[t]here must be some allegation of specific services or products of the defendants which are being accused" to "put Defendants on notice as to what activity, method, or procedure is

Detroit_9865815_1

alleged to infringe"). Alleging that NBCU infringed through its "cable television networks, services and transmission systems" falls far short of the specificity required. That phrase could refer to any aspect of the creation, processing, editing, or distribution of television content – essentially the entirety of NBCU's cable television business – and thus does not approach the level of specificity required to put NBCU on notice of the particular features of the products or services that allegedly use the accused software code or otherwise infringe. The facial deficiencies and implausibility of Progme's claims against NBCU require dismissal pursuant to Fed. R. Civ P. 12(b)(6).[4]

> **D.    Progme Fails to Plausibly Allege Indirect Infringement By NBCU, And Its Claims for Induced and Contributory Infringement Should Be Dismissed.**

The FAC is devoid of any legal or factual allegations to support Progme's claims against NBCU for induced and contributory infringement (collectively, "indirect infringement"). Each of these claims has specific elements that must be plausibly alleged to state a claim. Induced infringement requires (1) direct infringement by another; (2) knowledge of the patent; and (3) specific intent to cause the direct infringer to perform acts knowing that the acts constituted infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303, 1306 (Fed. Cir.

---

[4]    As there can be no indirect or willful infringement absent underlying direct infringement, these deficiencies also require dismissal of Progme's indirect infringement allegations.

Detroit_9865815_1

2006).  Contributory infringement requires: (1) direct infringement by another, (2) knowledge of the patent, (3) knowledge that the acts of another were infringing, (4) that a component provided by the accused contributory infringer have no substantial non-infringing uses; and (5) that the component be a material part of the invention.  *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2067-68 (2011).  To survive a motion to dismiss, a complaint must contain facts plausibly alleging these elements.  For example, as to inducement, "[the complaint] must contain facts plausibly showing that [the defendant] specifically intended [a third party] to infringe . . . and knew that the [third party's] acts constituted infringement."  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012).  In addition to knowledge of the patent and the alleged infringing acts, a complaint for contributory infringement must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."  *Id.* at 1337.  The FAC fails to allege facts to support any of these elements.

As a preliminary matter, indirect infringement claims require "direct infringement by another," and to plausibly plead a claim for induced or contributory infringement, a plaintiff must identify the direct infringer.  *In re Bill of Lading*, 681 F.3d at 1335 ("To state a claim for indirect infringement," plaintiff must at least plead "facts sufficient to allow an inference that at least one direct

Detroit_9865815_1

infringer exists").  The FAC does not do so, requiring dismissal.

Indirect infringement claims also require an element of **intent** – i.e., that the defendant not only had knowledge of the patent, but also had knowledge of infringement.  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (inducement "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement");  *Id.* (contributory infringement "requires knowledge of the patent in suit and knowledge of patent infringement").   As demonstrated above, the FAC fails to allege any facts to indicate that NBCU is directly – or indirectly – infringing any claim of the '425 patent.  It also contains no suggestion, let alone factual allegations, that NBCU specifically intended to cause infringement by another.  *See In re Bill of Lading*, 681 F.3d at 1339 (complaint must "contain facts plausibly showing that [defendant] specifically intended [a third party] to infringe the [patent] and knew that the [third party's] acts constituted infringement").  While Progme alleges that NBCU had "actual notice" as of the filing of the original Complaint, the Notice of Dismissal, and the filing of the FAC (Dkt. 11 ¶¶ 119-121), none of these documents contain any factual allegations to indicate that NBCU has committed any infringement, or had the requisite specific intent to cause third party infringement.  And even if these vague allegations of "actual notice" were enough, the FAC does not allege any pre-suit knowledge by NBCU, warranting dismissal.

17

*Addiction & Detoxification Institute, LLC v. Carpenter*, 2014 WL 3819349, *2 (E.D. Mich. Aug. 4, 2014) ("[T]he court must grant Defendants' motion to dismiss the indirect infringement claim, as Plaintiff has failed to state facts that allege that Defendants had knowledge of the '411 Patent before this lawsuit...."), *aff'd*, *Addiction & Detoxification Institute, LLC v. Carpenter,* 620 Fed. Appx. 934 (Fed. Cir. 2015).[5]

Progme's contributory infringement claim further fails because it is silent on two additional required limitations: that a component provided by the accused contributory infringer have no substantial non-infringing uses, and that the component be a material part of the invention. The FAC does not identify a "component" of an invention at all, and further fails to address the substantial non-infringing use and materiality elements. *In re Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement . . . a plaintiff must, among other

---

[5] Although one court in this district found induced infringement allegations sufficient absent pre-suit knowledge of the patent, *see Serv. Sols. U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063, at *9 (E.D. Mich. Oct. 18, 2013), this decision appears to be an outlier, given the Federal Circuit's affirmance in *Carpenter* and at least two other decisions in this district. Those two other decisions found pre-suit knowledge a requirement to sufficiently plead a claim for induced infringement. *See JDS Techs., Inc. v. Avigilon USA Corp.*, No. 15-10385, 2015 WL 3603525, at *1-2 (E.D. Mich. June 5, 2015); *Addiction & Detoxification Inst., L.L.C. v. Aharonov*, No. 14-10026, 2015 WL 631959, at *2 (E.D. Mich. Feb. 13, 2015). *See also Proxyconn Inc. v. Microsoft Corp.*, No. 11-1681, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012).

18

things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.").

For all of these reasons, the FAC fails to plausibly allege induced or contributory infringement, requiring dismissal.

### E.    Progme's Willful Infringement Request Is Factually And Legally Unsupported, Requiring Dismissal.

The FAC does not plead a "claim" for willful infringement, but nevertheless requests "treble damages for willful infringement." Dkt. 11 ¶ 123.C. But as with indirect infringement, pre-suit knowledge is required to properly plead a claim for willful infringement. *Carpenter*, 2014 WL 3819349, at \*2 ("In order to plead that a party has willfully infringed a patent, the party must have had knowledge of the patent; and post-filing knowledge is not sufficient to support such a claim."). As explained above, the FAC contains no allegations or facts that could plausibly support a willful infringement claim. Because there is no allegation of, or facts demonstrating, pre-suit knowledge of the patent, this Court should dismiss any claim for willful infringement under Fed. R. Civ. P. 12(b)(6).

### F.    To The Extent Any Claims Remain, Progme Should Be Required To Provide A More Definite Statement Of Its Claims Against NBCU.

In the event the Court determines that the FAC should not be dismissed, NBCU requests, pursuant to Fed. R. Civ. P. 12(e), that Progme be required to provide a more definite statement of its infringement allegations. "If a pleading

Detroit_9865815_1

fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002). This is appropriate where a party's initial pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). For all of the reasons detailed above, Progme's allegations are so vague and conclusory as to frustrate NBCU's efforts to prepare a responsive pleading and a meaningful defense. Accordingly, NBCU respectfully requests that Progme should, at a minimum, be ordered to provide a more definite statement as to these claims.

## VI.    CONCLUSION

The Court should dismiss Progme's claims against NBCU in their entirety because they are barred by *res judicata* in view of Progme's dismissal with prejudice. Additionally, the Court should dismiss Progme's claims against NBCU for failure to plausibly allege a claim for direct, induced, contributory, or willful infringement. Alternatively, to the extent any claims remain against NBCU, the Court should require Progme to provide a more definite statement as to its claims to allow NBCU to prepare a meaningful defense.

Detroit_9865815_1

Dated:  April 1, 2016                     Respectfully submitted,

                                          BODMAN PLC

                                          By: /s/  Thomas Tallerico
                                                  Thomas Tallerico (P23662)
                                          201 W. Big Beaver Road, Suite
                                          500 Troy, Michigan 48084
                                          (248) 743-6000
                                          ttallerico@bodmanlaw.com

                                          Eric A. Buresh
                                          Michelle L. Marriott
                                          Mark C. Lang
                                          ERISE IP, P.A.
                                          6201 College Blvd, Suite 300
                                          Overland Park, KS 66211
                                          Telephone:  913.777.5600
                                          Facsimile: 913.777.5601

                                          ***Attorneys for Defendant NBC
                                          UNIVERSAL MEDIA, LLC***

Detroit_9865815_1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2016, the foregoing NBCUNIVERSAL
MEDIA, LLC's MOTIONS TO DISMISS PROGME'S CLAIMS UNDER FED. R.
CIV. P. 12(B)(6), OR, ALTERNATIVELY, FOR A MORE DEFINITE
STATEMENT UNDER FED. R. CIV. P. 12(E) was filed using the Court's
CM/ECF, which will send notice of the filing via electronic mail to all counsel of
record designated to receive such notice.


By: <u>/s/  Thomas Tallerico</u>
  Thomas Tallerico (P23662)
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
ttallerico@bodmanlaw.com

Detroit_9865815_1